# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

WILLIE E. COWANS                                                      **Plaintiff**

vs.                                                **Civil Action No. 3:15-cv-077-MPM-JMV**

STATE OF MISSISSIPPI, GLEN HALEY, NORTH
CENTRAL ELECTRIC POWER ASSOCIATION,
and DESOTO COUNTY SHERIFF'S DEPARTMENT                    **Defendants**

## ORDER REQUIRING A MORE DEFINITE STATEMENT

The court, on its own motion, finds that the Plaintiff, Willie E. Cowans, should be required to provide a more definite statement, in the form of an amended complaint, pursuant to Federal Rules of Civil Procedure Rule 12(e).

The court acknowledges its obligation to liberally construe the pleadings of a lay person, like the Plaintiff, when they are proceeding in a case without benefit of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the court has reviewed the Plaintiff's original complaint, comprised of over 100 pages of miscellaneous copies of a variety of documents, and the Plaintiff's apparent effort to amend the complaint by filing an additional 62 pages of what appear to be many of the same documents, and the court cannot discern the factual basis for the complaint or the basis for invoking this court's jurisdiction, if any. Stated differently, the court cannot discern what actions or inactions of which person(s), if any, Plaintiff believes give him a claim against them in this court.

In light of the Plaintiff's *pro se* status, he is further instructed that in order to bring suit in federal court, a case must satisfy the requirements for subject matter jurisdiction. Subject

matter jurisdiction can primarily be met in two ways. First, the case brought can arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This first type of subject matter jurisdiction is called "Federal Question Jurisdiction." Second, the case may be brought in federal court if it involves more than $75,000 in controversy and the parties (all plaintiffs and all defendants) are citizens of different states. 28 U.S.C. § 1332. This second type of subject matter jurisdiction is called "Diversity Jurisdiction." The claims asserted in Plaintiff's complaint do not identify any law of the United States, including a constitutional right, alleged to have been violated by Defendants. Further, the complaint fails to plainly state the citizenship of any Defendants. Because the citizenship of the parties cannot be determined from the pleading, the court is unable to determine whether diversity jurisdiction exists. Without either type of subject matter jurisdiction, this court cannot hear Plaintiff's case.

The court understands that the Plaintiff seeks relief of some sort for some undefined matter(s) appearing to extend in time from the year 1983 to present, but that is not sufficient to bring a claim in this court, and because the Plaintiff has never provided the court with a pleading with a proper style, or expressly named individuals as defendants, the list of Defendants on the court's docket represents only the best guess of court staff as to who Cowans may mean to include as Defendants. Cowans must, instead, amend his complaint to clearly state who it is that he means to join as Defendants, and *as to each such person, state: what they did or failed to do, when they did or failed to do it, and the relief sought from that person as a result*. It is, therefore,

      **ORDERED AS FOLLOWS**:

1. Within twenty-one days of this order, the Plaintiff shall file with the court an amended complaint that complies with the terms of this order.

a. The amended complaint shall have a proper style at the top of the document. The Plaintiff can use the style of this order as a guide. (The style of the case is made up of the words above the phrase "ORDER REQUIRING A MORE DEFINITE STATEMENT.") Every individual that the Plaintiff intends to sue shall be listed as a Defendant as set forth in the style. If there is any person in the list of Defendants, in the above style, who are witnesses, but not Defendants, the plaintiff shall remove their names from the list of Defendants.

b. The amended complaint shall include a "short and plain statement of the grounds for the court's jurisdiction." Federal Rules of Civil Procedure, Rule 8(a)(1). As explained above, this court typically hears complaints only between citizens of different states (28 U.S.C § 1332) or civil suits "arising under the Constitution, laws or treaties of the United States." (28 U.S.C. § 1331). As the Plaintiff, Cowans must include allegations setting forth a basis for this court's jurisdiction.

c. The amended complaint must also contain a "short and plain statement of the claim showing" that the Plaintiff "is entitled to relief" and a "demand for the relief sought, which may include alternative and different types of relief." Federal Rules of Civil Procedure Rule 8(a)(2)-(3). See, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2008). Stated simply, Cowans must clearly state who it is that he means to join as Defendants, and as to each such person, state what they did or failed to do, when they did or failed to do it, and the relief sought from that person as a result.

d. The Plaintiff is advised that the court allows parties representing themselves to submit pleadings and motions that are hand-written, so long as any handwriting or

hand-printing is clear and legible. Additionally, each paragraph in the complaint must be separately numbered.

2. The Plaintiff is advised that the failure to comply with this order may result in the dismissal of this lawsuit for:

    1) failure to comply with the order of the court;

    2) lack of jurisdiction;

    3) failure to state a claim; and/or

    4) failure to prosecute the action.

3. The Plaintiff is instructed to acknowledge receipt of this order on the form provided by the court and return to the Clerk to the Court as directed on the form of acknowledgment. Again, failure to comply with this part of the order may result in dismissal of this lawsuit for failure to comply with the order of the court and/or for failure to prosecute this action.

SO ORDERED this the 6th day of November, 2015.

                         /s/ Jane M. Virden
                         **UNITED STATES MAGISTRATE JUDGE**